**Glynn T. PRICE, Trustee for A & K Trust, Plaintiff—Appellant,**

v.

**CITY OF BREMERTON, a municipal corporation, Defendant—Appellee.**

No. 00–35582.

D.C. No. CV–99–05033–RJB(JKA).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 10, 2002.

Before BRUNETTI, TROTT, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Glynn Price brought suit in federal court alleging a federal takings and various state law claims. He now challenges the district court's decision to grant the City of Brem-

erton summary judgment on his takings claim and the court's finding, following a bench trial, that Price failed to prove causation with respect to his state claims.[1] We affirm.

Price entered into a lease agreement entitling him to harvest shellfish from tideland property in Puget Sound. Prior to entering into the lease, Price was aware of a long-standing Washington State restriction on shellfish harvesting due to water pollution in Puget Sound. Price now claims that Bremerton effected a regulatory taking by discharging wastewater into Puget Sound. Price concedes that there is no physical taking. Rather, he alleges a regulatory taking. The difficulty with Price's claim is that Bremerton has not promulgated any rule or regulation that affects the tideland property. Instead, it is Washington State, through its Department of Health, that has restricted Price's ability to harvest shellfish. Washington State, although initially named as a party to this dispute was dismissed from the case; Price does not challenge Washington's dismissal on appeal. Price offers no authority in support of his claim that a regulatory taking is cognizable under the circumstances here.

Price asserted causes of action against Bremerton for nuisance, nuisance per se, and negligence. Causation is an element of each one of these claims. *See Tiegs v. Watts*, 135 Wash.2d 1, 954 P.2d 877, 884 (Wash.1998) (nuisance per se); *DeYoung v. Cenex Ltd.*, 100 Wash.App. 885, 1 P.3d 587, 590 (Wash.2000) (nuisance); *Tincani v. Inland Empire Zoological Soc'y*, 124 Wash.2d 121, 875 P.2d 621, 624 (Wash. 1994) (negligence). When challenging the State's restriction on shellfish harvesting in State administrative proceedings, Price argued that Bremerton did not discharge sufficient pollution to contaminate the shellfish his tidal waters. In this case, however, Price argues that Bremerton's discharges have contaminated the shellfish in his tidal waters. In order to prove causation at trial, Price principally adduced the ALJ's determination that Bremerton's discharges were a potential source of contamination affecting his tidelands. The standard in that proceeding differs from the standard here. It also bears noting that Bremerton was not a party to that proceeding. In short, a finding of proximate cause must be based on more than speculation. *See, e.g., Rasmussen v. Bendotti*, 107 Wash.App. 947, 29 P.3d 56, 63 (Wash.Ct.App.2001). The district court did not clearly err in finding that Price failed to demonstrate causation.

**AFFIRMED.**

---

**1.** Price also argues that the district court clearly erred in finding that he assumed the risk of the restriction on shellfish harvesting by acquiring the property in question long after the restriction's imposition. We need not address this claim because we conclude that Bremerton is not liable for contaminating Price's property. *See* Wash. Rev.Code §§ 4.22.005 & 4.22.015.